## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, | : : : | |
| Plaintiff, | : : | |
| vs. | : : | CIVIL ACTION NO. 1:22-cv-493-TFM-M |
| HUGHES PLUMBING & UTILITY CONTRACTORS, INC., *et al.*, | : : : | |
| Defendants. | : | |

## ASSET TRANSFER INJUNCTION ORDER

Pending before the Court is the *Motion for Expedited Hearing on Request for Injunctive Relief, Etc*. Doc. 4, filed December 16, 2022. Plaintiff Travelers Casualty & Surety Company of America ("Plaintiff" or "Travelers") requests the Court set an expedited hearing and oral argument for its application for temporary restraining order and preliminary injunctive relief. *Id.*; *see* Doc. 1 at 5-6. The parties informed the Court they reached an agreement and the following Order may be entered by consent. It is therefore **ORDERED, ADJUDGED and DECREED** as follows:

1. Defendant Hughes Plumbing & Utility Contractors, Inc. ("HPUC"), and other persons or entities in active concert and participation with it who receive actual notice of this Order, are hereby **ENJOINED** and **RESTRAINED** from transferring, selling, conveying, disposing, mortgaging, liening, assigning or otherwise encumbering any of its real property and any of its personal property having a value in excess of Two Thousand Five Hundred and no/100 Dollars ($2,500), other than expenses incurred and paid by HPUC in the ordinary course of their business, which expenses are not prohibited hereby. For purposes of this Order, "expenses incurred and paid by HPUC in the ordinary course of its business" shall include, but not be limited

to, expenses incurred by HPUC and payments made by HPUC for equipment maintenance and repair, payroll, payroll taxes, credit union deductions, employee life insurance, legal fees, employee disability insurance, employee health insurance, workers compensation insurance, property and casualty insurance, liability insurance, automobile insurance, raw materials, component parts, supplies, freight, debt service, utilities, accounting, audit, legal, travel, postage and landfill charges, payments to subcontractors, and obligations under existing contracts.

2. Defendant Preston W. Hughes, III, and other persons or entities in active concert and participation with him who receive actual notice of this Order, are hereby **ENJOINED** and **RESTRAINED** from transferring, selling, conveying, disposing, mortgaging, liening, assigning or otherwise encumbering (a) any of his real property and (b) any of his personal property having a value in excess of Two Thousand Five Hundred and no/100 Dollars ($2,500), other than expenses incurred and paid by aid defendant in the ordinary course of his business, which expenses are not prohibited hereby and excluding any exempt assets (such as retirement accounts) and/or the payment of legal fees. For purposes of this Order, "expenses incurred by the individual defendant in the ordinary course of his business" shall include, but not be limited to, expenses incurred and payments made for groceries, mortgage payments, taxes, insurance, utilities, existing contracts, notes, and mortgages, real estate maintenance, upkeep of real estate, federal, state, and property taxes, legal fees, car maintenance, fuel, insurance, and similar expenses.

3. The prohibition against asset transfers shall not apply to ordinary living, household, and family expenses having a value of less than $2,500.

4. Should Defendants HPUC and Preston W. Hughes, III, (collectively, "Defendants") desire to conduct any transaction or transfer otherwise prohibited by this Order, Defendants shall provide written notice with respect to any such transfer or transaction to counsel for Plaintiff not

less than five (5) business days before the proposed transfer or transaction. Said notice shall include the name and address of the proposed transferee, a description of the property involved, and a statement of the amount of consideration to be received by said Defendants as a result of the transaction. Plaintiff shall communicate to Defendants in writing any objection to the proposed transaction within five (5) business days of the receipt of the notice. In the event of any objection by Plaintiff, Defendants shall not conclude the transaction absent further orders from the Court. Written notice shall include email and facsimile.

5. The relief provided in this Order shall commence immediately upon execution and shall continue in favor of Travelers pending final disposition of this action but shall be subject to termination upon (a) consent of Travelers, or (b) entry of an Order by this Court terminating such preliminary relief upon a showing of cause by Defendants.

6. Plaintiff's Motion for Expedited Hearing on Request for Injunctive Relief, Etc. (Doc. 4), is **DENIED as moot**.

7. Plaintiff's request for entry of decree of Specific Performance and all other claims for relief relating thereto is **SET** on January 5, 2023, at 8:30 a.m. for a telephonic scheduling conference.

8. All claims and defenses of the parties with respect to the remaining claims are fully reserved and are unaffected by this consent order.

**DONE** and **ORDERED** this the 23rd day of December 2022.

      s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE